Maksud v. Lynch

BIA
Christensen, IJ
A059 851 987

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand sixteen.

PRESENT:
    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    SUSAN L. CARNEY,
        *Circuit Judges.*

_____

TAREQ MAKSUD,
        *Petitioner,*

    v.                                          15-2744
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Tareq Maksud, Pro Se, Woodside, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Terri J.
                         Scadron, Assistant Director;
                         Richard Zanfardino, Trial Attorney,
                         Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tareq Maksud, a native and citizen of Bangladesh, seeks review of a July 29, 2015 decision of the BIA affirming a December 18, 2013 decision of an Immigration Judge ("IJ") denying Maksud's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tareq Maksud,* No. A059 851 987 (B.I.A. July 29, 2015), *aff'g* No. A059 851 987 (Immig. Ct. N.Y. City Dec. 18, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications that are governed by the REAL ID Act, like Maksud's, the agency may base an adverse credibility determination on inconsistencies within and between the applicant's statements. 8 U.S.C. § 1158(b)(1)(B)(iii). The agency "may rely on *any* inconsistency or omission in making an

2

adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Here, the totality of the circumstances supports the agency's adverse credibility determination: the IJ identified multiple significant inconsistencies and omissions in Maksud's statements.

The IJ reasonably relied on inconsistencies between Maksud's asylum applications and airport interview. At the airport interview, Maksud stated that he came to the United States to obtain a business or student visa, and that he left Bangladesh because "the economy [wa]s not good." When asked if he feared returning to Bangladesh, he said, "Yes," and gave as a reason that "people who get support from the political party [are] after [him] for [his] money." He explained that he would be harmed because those people know that he is in the United States, that he owns a construction company in Bangladesh, and that he has money. In contrast, he alleges in his asylum applications that he left because he was beaten, arrested, and detained in response to his political activities. The IJ reasonably rejected Maksud's explanation for the inconsistencies—that he was not asked about past harm in the airport interview—because the record shows that the interviewer

3

asked Maksud why he left Bangladesh and whether he feared returning. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (holding that agency need not credit applicant's explanation for inconsistencies unless proffered explanation would compel reasonable fact-finder to do so).

The IJ also reasonably relied on three inconsistencies between Maksud's original and amended asylum applications, which contain differing accounts of his encounters with the Bangladesh Awami League ("BAL"), the ruling political party and an opposition party to the Bangladesh Nationalist Party ("BNP"), with which Maksud was affiliated. First, the applications conflict as to Maksud's experience at a 2009 protest. Maksud's original application reports that he was arrested, detained, and beaten over several days. His amended application, in contrast, describes being beaten and shot with rubber bullets at a protest, but omits mention of any arrest or detention. Second, the applications are also inconsistent regarding an alleged January 2010 arrest. Maksud's original application states that he was arrested in his home after he left the hospital in January 2010 and was held for several weeks before being released on bond. But in his amended application, the January 2010 arrest took place at the BNP party office, and Maksud was detained and tortured for 22 hours before being

4

released "with the help of an advocate," making no mention of any bond. Third, the original application omits any mention of the two attacks on Maksud by the BAL described in the amended application. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that "[a]n inconsistency and an omission are, for these purposes, functionally equivalent"). Because the original application bore Maksud's signature and he filed no complaint against his prior attorney, the IJ was not required to accept Maksud's explanations that he did not sign that application and that any error was his attorney's fault. *See Majidi*, 430 F.3d at 80.

Finally, the IJ also reasonably pointed to Maksud's history of attempting to gain status in the United States through other improper means as undercutting his credibility. Maksud conceded that he married a U.S. citizen solely to gain status in the United States and that the only purpose of his October 2010 trip to the United States was to have his child born in the United States and thereby for the child to be a U.S. citizen. The IJ reasonably found that the circumstances of the previous marriage detract from Maksud's credibility. *See, e.g.*, *Falae v. Gonzales*, 411 F.3d 11, 15 (1st Cir. 2005) (sham marriage for purpose of obtaining citizenship can support adverse credibility finding). The IJ also reasonably found that

Maksud's voluntary return to Bangladesh after the birth of his child in the United States further undermined his credibility given his allegations that he had been persecuted in Bangladesh already. Maksud testified that he returned because "[a]t that time, the conditions were not so bad," but the IJ reasonably rejected that explanation because, before leaving for the United States, Maksud allegedly had been shot by the police and hospitalized for 12 days—grounds he now cites in support of his asylum application. *See Majidi*, 430 F.3d at 80.

Given these multiple inconsistencies and significant omissions, we conclude that substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency's adverse credibility determination is dispositive of Maksud's application for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

6

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk